Under these general instructions, it will be for the jury to determine whether or not the lots or parcels of ground claimed by the bankrupt as a portion of his homestead exemption, and not allowed as such by the assignee, form in fact a part of such exemption. Were they designated and actually used by the bankrupt as a homestead, and did they truly form a part of the same? To determine this the jury will consider the uses to which they were applied, and all other facts pertinent to the inquiry, and which may be in evidence before them. If you believe from the testimony that the bankrupt, Thebo, designated the lots in controversy as his homestead in the year 1862 or 1866; and that said lots in fact formed a part of such homestead, and were used by him and his family in carrying on his and their necessary business, and for their support, comfort and maintenance, and that all of said lots, in the aggregate, at the time they were designated, did not exceed in value $5,000, to be estimated and valued by you, from the evidence, without reference to the value of the improvements then or thereafter made thereon, then your verdict must be: "We, the jury, find for the plaintiff." Otherwise, your verdict will be for the defendant.

## Case No. 13,876.

THECKER et al. v. MILBURN.

[Hayw. & H. 271.] 1

Circuit Court, District of Columbia.　Oct. 17, 1847.

ACTIONS—CUMULATION—JUSTICE OF PEACE—JURISDICTION.

The holder of several notes, made by the same party, may elect to bring separate action in a justice's court on each note, and the fact that the amount of all the notes combined exceeds the jurisdiction of the justice will not oust the justice of jurisdiction.

Appeal from Henry Reaves, justice of the peace.

[This was an action on promissory notes by Thomas Milburn against James Thecker and James A. Thecker.]

Robert Ould, for appellants.

Mr. Laurence, for appellee.

The Theckers had given two joint promissory notes, bearing the same date, to T. M. Milburn, each note for $36 with interest, one payable in four and the other in six months. After both of the notes had fallen due, a warrant was issued on each, and Milburn obtained judgment on each. The Theckers appealed, on the ground that both notes ought to have been embraced in one suit, and that then the amount would have exceeded the magistrate's jurisdiction.

For the appellee, it was contended that each note constituted a separate cause of action, and that the magistrate was right in giving a separate judgment on each.

THE COURT sustained the appellee's point, and affirmed the magistrate's judgment, with costs.

## Case No. 13,877.

THELASSON v. CRAMMOND.

[1 Wash. C. C. 319.] 3

Circuit Court, D. Pennsylvania.　(Adjourned) Oct. Term, 1806.

AWARD — REPORT OF REFEREES — EXCEPTIONS — ADDITIONAL FACTS.

When facts to sustain an additional exception to the report of referees, have been discovered, since the period for filing exceptions has passed; the court will allow the additional exception to be filed: although, if no exceptions had been filed in time, the discovery of such circumstances would not induce the court to allow them to be filed.

[Cited in Messenger v. Broom, 1 Pin. 640.]

Upon an affidavit that the defendant had not, until last night, discovered ground for an additional exception to the award; THE COURT permitted him to file it, saying; though the same reason might not have been a sufficient one to sanction the filing of exceptions originally, after the four days, because then the cause might be out of the reach of THE COURT; yet, as the cause is depending, an amendment may be made, where the proper foundation is laid for asking the indulgence.

[See Case No. 13,878.]

## Case No. 13,878.

THELLUSON v. SMITH.

[Pet. C. C. 195.] 1

Circuit Court, D. Pennsylvania.　Oct. Term, 1815. 2

UNITED STATES — INSOLVENCY — PREFERENCE — PRIOR JUDGMENTS.

1. Insolvency or inability to pay his debts, by any one who is a debtor to the United States, does not give to the United States a preference, unless the same be accompanied with a voluntary assignment of all the property of the debtor for the benefit of his creditors.　Aliter if there be a legal insolvency.

2. The preference given to the United States, in the cases mentioned in the law, supersedes prior judgments upon the estate of the debtor to the United States.

In equity.

WASHINGTON, Circuit Justice.　The facts of the case, which the court are now to decide, are as follows:　The plaintiffs in this cause, instituted a suit in this court against William

1 [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

3 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]
1 [Reported by Richard Peters, Jr., Esq.]
2 [Affirmed in 2 Wheat. (15 U. S.) 396.]